1
2
3
4
5
6
7               IN THE UNITED STATES DISTRICT COURT
8            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                       SAN JOSE DIVISION
10

**United States District Court**
For the Northern District of California

11   United States of America,                    NO. CR 05-00384 JW

12                Plaintiff,

13         v.                                      **ORDER GRANTING DEFENDANT'S
                                                   MOTION TO DISMISS INDICTMENT**
14   Sergio Taroya Mendoza,

15                Defendant.
                                              /
16

17                          **I.  INTRODUCTION**

18        This case is a criminal prosecution of Defendant Sergio Taroya Mendoza ("Defendant"), under 18

19   U.S.C. § 1326, for illegally reentering the United States following a deportation.  Presently before this

20   Court is Defendant's Motion to Dismiss Indictment Due to Lack of Jurisdiction and Violation of Double

21   Jeopardy.  (See Defendant's Motion to Dismiss Indictment Due to Lack of Jurisdiction and Violation of

22   Double Jeopardy, hereinafter "Defendant's Motion," Docket Item No. 9.)  The Court held a hearing on

23   September 19, 2005.  For the reasons set forth below, Defendant's Motion is GRANTED.

24                          **II.  BACKGROUND**

25        On March 19, 1997, Defendant was deported to Mexico after Immigration Judge Michael Bennett

26   in El Centro, California presided over a hearing and ordered deportation.  (See United States' Opposition

27   to Defendant's Motion to Dismiss, hereinafter "United States' Opposition," Docket Item No. 11, at 2:11-

United States District Court

For the Northern District of California

1  13.)  At some point before July 15, 1997, Defendant reentered the United States.  (Order Dismissing

2  Indictment, Case No. CR 04-20046, Docket Item No. 59, at 2:4-5.)  On March 11, 1999, the

3  Immigration and Naturalization Service (INS), pursuant to 8 C.F.R. § 241.8, reinstated Immigration Judge

4  Bennett's deportation order, and, on April 2, 1999, Defendant was once again deported to Mexico.

5  (Order Dismissing Indictment at 2:6-8.)  At some point before March 13, 2000, Defendant again reentered

6  the United States.  (Order Dismissing Indictment at 2:9-10.)  On August 23, 2001, the INS, pursuant to 8

7  C.F.R. § 241.8, reinstated Immigration Judge Bennett's deportation order and, on August 24, 2001,

8  Defendant was deported to Mexico for a third time.  (Order Dismissing Indictment at 2:11-13.)  At some

9  point before December 3, 2002, Defendant yet again reentered the United States.  (Order Dismissing

10  Indictment at 2:14-15.)

11  On March 24, 2004, a federal grand jury issued an Indictment against Defendant for violating 8

12  U.S.C. § 1326 in Case No. CR 04-20046.  The Indictment charged that Defendant was found in the

13  Northern District of California on or about March 9, 2004, despite having been previously arrested and

14  deported from the United States on or about April 2, 1999 and August 24, 2001.  (Indictment, Case No.

15  CR 04-20046, Docket Item No. 6, at 1:26.)

16  On November 10, 2004, in a bench trial based upon the arguments and submissions of the parties,

17  this Court found Defendant guilty beyond a reasonable doubt of violating 8 U.S.C. § 1326.  (See Findings

18  in Non-Jury Criminal Trial, Case No. CR 04-20046, Docket Item No. 47.)

19  After Defendant was convicted, the Ninth Circuit issued Morales-Izquierdo v. Ashcroft, 388 F.3d

20  1299 (9th Cir. 2004), which held that the "reinstatement regulation established at 8 C.F.R. § 241.8 . . . is in

21  conflict with [the Immigration and Nationality Act] § 240(a)[,]" and that 8 C.F.R. § 241.8 . . . is "*ultra*

22  *vires* to [the Immigration and Nationality Act] § 240(a)."  Id. at 1305.  Since the Indictment in Case No.

23  CR 04-20046 rested upon reinstatement orders issued pursuant to 8 C.F.R. § 241.8, this Court

24  reconsidered its guilty verdict, vacated its finding of guilt, and dismissed the Indictment.  (See Order

25  Dismissing Indictment.)  Specifically, this Court concluded that

26        [t]he word "deported," as it is used in 8 U.S.C. § 1326 "means 'being deported according to
      law.'"  United States v. Galicia-Gonzales, 997 F.2d 602, 603 (9th Cir. 1975). . . . However,

27

2

**United States District Court**
For the Northern District of California

1     Morales-Izquierdo invalidated the reinstatement process created by 8 C.F.R. § 241.8 as a *matter*
2  *of law*.  Thus, deportations pursuant to reinstatements under 8 C.F.R. § 241.8 are not
"deportations" under 8 U.S.C. § 1326.  Accordingly, the Indictment in this case is facially invalid.

3  (Order Dismissing Indictment at 7:20-22 (emphasis added).)

4     Following the Order Dismissing Indictment, the United States filed a notice of appeal seeking

5  reinstatement of this Court's guilty verdict, and that appeal remains pending.  (Defendant's Motion at 3:5-

6  7.)  On June 22, 2005, the federal grand jury issued a new Indictment against Defendant for violating 8

7  U.S.C § 1326, charging that Defendant was found in the Northern District of California on or about March

8  9, 2004.  However, the new 2005 Indictment is predicated upon the original 1997 deportation order issued

9  by Immigration Judge Bennett.  (Indictment, Docket Item No. 1, at 2:20-24.)

10     Defendant moves to dismiss the 2005 Indictment due to (1) lack of jurisdiction on the ground that

11  "jurisdiction over the charged conduct has been transferred to the Ninth Circuit", and (2) violation of

12  double jeopardy on the ground that Defendant "has previously been acquitted of the conduct alleged in the

13  Indictment."  (Defendant's Motion at 1:22-24.)  The United States opposes Defendant's Motion on the

14  ground that this Court has jurisdiction over a new Indictment and that the Double Jeopardy Clause does not

15  preclude a "new Indictment of a defendant if a district court grants a defendant's post-conviction motion to

16  dismiss a defective judgment."  (United States' Opposition at 1:21-23.)

17        **III.  STANDARDS**

18     To succeed on a Motion to Dismiss Indictment on double jeopardy grounds, Defendant bears the

19  burden of showing that the two offenses charged actually arise from a single offense.  See United States v.

20  Ziskin, 360 F.3d 934 (9th Cir. 2003).  When a defendant raises a claim of double jeopardy, the defendant

21  must make an initial "non-frivolous showing that an Indictment charges the same offense as that for which he

22  was formerly placed in jeopardy."  United States v. Bendis, 681 F.2d 561, 564 (9th Cir. 1982).  The

23  government must then present sufficient evidence to the court, establishing by a preponderance of the

24  evidence that separate offenses are charged.  Id.  Although "this appears more properly characterized as a

25  burden to go forward with the evidence, it may in practical effect amount to a burden to persuade the

26  court."  Id.  The burden of proof, however, does not shift to the government and remains with the

27  defendant.  Id.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## IV.  DISCUSSION

**A.**     **This Court is not divested of its jurisdiction to consider a new indictment.**

Defendant contends that this Court lacks jurisdiction to consider whether he reentered the United States illegally on or about March 9, 2004 following deportation.  (Defendant's Motion at 4:3-6.)  In particular, Defendant argues that, since the government has filed a notice of appeal in a related case that involves the same criminal conduct and the same defendant, this Court has been divested of jurisdiction over the charged criminal conduct.  (Defendant's Motion at 4:3-6.)  The government counters that "a district court has jurisdiction over a new, facially valid criminal Indictment."  (United States' Opposition at 9:7.)

It is a generally accepted principle that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam).  In the event a notice of appeal is filed in a case, "it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," unless the district court is attempting to preserve the status quo.  Id.

To support his argument, Defendant cites United States v. Thorp, 655 F.2d 997 (9th Cir. 1981), which held that the district court lacked jurisdiction to "proceed at trial with respect to the matters . . . which was still on appeal."  Although Thorp divested a district court of its jurisdiction over charged criminal conduct, this Court finds Thorp inapposite because it only involved a single case.  In this case, a new and separate Indictment was returned by a federal grand jury.  The fact that the government filed a notice of appeal in a separate, but related, case does not divest this Court of jurisdiction over the 2005 Indictment.  See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (involving a single case and holding that a court of appeals lacks jurisdiction over an appeal because the appellant's motion to alter or amend the judgment was pending in district court) and NRDC v. Southwest Marine Incorporated, 242 F.3d 1163 (9th Cir. 2001) (involving a single case and holding that the district court could only make modifications to preserve the status quo while an appeal of the judgment was pending).  Accordingly, the Court has jurisdiction over this case.

4

**United States District Court**

For the Northern District of California

**B.**     **The new indictment is barred by Double Jeopardy.**

In some respect, this is a case of first impression.  The government has never attempted to issue a second indictment against a person with an offense arising out of the same set of facts as the first indictment while appealing the dismissal of the first indictment.

The government contends that "[a] long standing exception to the Double Jeopardy Clause allows the United States to seek a new Indictment of a defendant if a court grants a defendant's motion dismissing a defective Indictment after the defendant's conviction."  (United States' Opposition at 5:12, 6:1-2.)  Defendant contends that he was acquitted when this Court determined that, in light of Morales-Izquierdo, he had not been "deported" within the meaning of 8 U.S.C. § 1326.  Jeopardy, Defendant argues, has attached and the 2005 Indictment should be dismissed.  (Defendant's Motion at 7:1-2.)  Defendant further contends that the 2005 Indictment contains a new theory of liability that the government should have included in the original Indictment.  (Defendant's Motion at 8:6-8.)

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]"  U.S. CONST. amend. V.  Accordingly, when a defendant has been prosecuted for a criminal offense and the prosecution has resulted in an acquittal, any further prosecution for the same offense is barred unless the bar is removed or waived.  See Green v. United States, 355 U.S. 184 (1957); see also U.S. CONST. amend. V.  For the purposes of double jeopardy, an acquittal occurs when "[a] ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged."  United States v. Martin Linen Supply Company et al., 430 U.S. 564, 571 (1977); see also Sanabria v. United States, 437 U.S. 54, 69 (1978).  "This state of jeopardy attaches when a jury is empaneled and sworn in, or, in a bench trial, when the judge begins to receive evidence."  Id. at 569.

Under the test set forth in Blockburger v. United States, 284 U.S. 299 (1932), "double jeopardy exists if the second offense contains elements identical to, or included as a subset within, the elements of the former charge."  United States v. Wright, 79 F.3d 112, 114 (9th Cir. 1996) (holding that the Blockburger test is the only test for analyzing a double jeopardy claim).  An exception to double jeopardy lies where there is a dismissal due to "technical defects in the wording of the Indictment that can be cured by

**United States District Court**
For the Northern District of California

1    reindictment." United States v. Cejas, 817 F.2d 595, 600 (9th Cir. 1987).  As articulated by the Supreme

2    Court, "[i]t is clear that the Constitution permits retrial after a conviction is reversed because of a defect in

3    the charging instrument." Montana v. Hall, 481 U.S. 400, 404 (1987).  However, if there was a dismissal

4    of an Indictment on the merits, the Double Jeopardy Clause precludes a trial on a reindictment for the same

5    charge.  Cejas, 817 F.2d at 600.

6            To be convicted of violating 8 U.S.C. § 1326, it must be determined that (1) Defendant is an alien;

7    (2) Defendant was deported and removed from the United States; and (3) Defendant voluntarily reentered

8    and remained in the United States without the consent of the Attorney General.  United States v. Godinez-

9    Rabadan, 289 F.3d 630, 632 (9th Cir. 2002); see also 8 U.S.C. § 1326 (a)(2).  As noted by both parties,

10   the date of the deportation is not an element of the offense.  (See Defendant's Motion at 5:15-16 and

11   United States' Opposition at 5:3-5); see also United States v. Medina, 236 F.3d 1028 (9th Cir. 2001)

12   ("[W]ith regard to the element of prior deportation, the government merely needs to prove that a

13   deportation proceeding actually occurred with the end result

14   of the defendant being deported").  Thus, the elements necessary to convict Defendant of violating 8

15   U.S.C. § 1326 in this case are identical to the elements of the former charge in Case No. CR 04-20046.

16   Accordingly, under the Blockburger test, double jeopardy may be a bar to the reindictment of Defendant.

17           The government does not dispute the fact that the 2005 Indictment charges Defendant with the

18   same offense – namely, being found in the Northern District of California on or about March 9, 2004

19   without permission from the Attorney General to reenter after previously being deported in violation of 8

20   U.S.C. §1326.  (See Indictment.)  Thus, for the government to successfully oppose Defendant's Motion,

21   this Court must find that the original Indictment was dismissed due to a defect in it.  See Cejas, 817 F.2d at

22   600.

23           Defendant does not argue that the original Indictment was defective.  In fact, Defendant contends

24   that he was acquitted because this Court determined that he had not been "deported" within the meaning of

25   8 U.S.C. § 1326 and thus, this new Indictment constitutes Double Jeopardy.  (Defendant's Motion 7:1-2.)

26   For this Court to acquit Defendant of the charges, some or all of the factual elements of the offense charged

27   must have been decided in Defendant's favor.  See Martin Linen Supply Co., 430 U.S. at 571.  No factual

6

United States District Court

For the Northern District of California

1    elements of the violation of 8 U.S.C. § 1326 were resolved in Defendant's favor.  In fact, Defendant

2    stipulated that he was "arrested and ordered deported/removed from the United States to Mexico" in 1999

3    and 2001.  (Trial Stipulations, Case No. CR 04-20046, Docket Item No. 43, at ¶¶ 4, 6.)  This Court

4    clearly dismissed the original Indictment only because Morales-Izquierdo invalidated the reinstatement

5    process as a matter of law.  Accordingly, this Court held that the original Indictment was defective.

6         As the government correctly points out, in dismissing the original Indictment, this Court stated that

7    "nothing in this Order is intended to affect any prosecution which the Government might choose to bring

8    against Defendant for reentry in violation of Judge Bennett's original deportation order."  (Order Dismissing

9    Indictment at 7:25-26, 8:1.)  However, instead of amending the original indictment to cure its defect which

10   was well within the government's power, the government elected to take the dismissal on appeal.  In doing

11   so, the government has now placed the Defendant in a circumstance where if the Ninth Circuit reverses this

12   Court's dismissal of the original Indictment, thus reinstating Defendant's conviction, the Defendant is subject

13   to being sentenced for the same offense twice—once under the reinstatement of the original Indictment, and

14   once under the new Indictment.  Defendant would be faced with two indictments arising out of the same

15   criminal conduct which would clearly violates the Double Jeopardy Clause.

16        It is evident that the government recognizes the potential double jeopardy problem.  In its

17   opposition motion, the government notes, "At the present time, the United States does not intend that the

18   [D]efendant be convicted and sentenced on both the 2004 and 2005 indictments.  If the [D]efendant is

19   convicted and sentenced on the 2005 indictment, the United States would likely either dismiss its appeal of

20   the Court's order dismissing the 2004 indictment or otherwise ensure that the [D]efendant's previous

21   (vacated) conviction not be reinstated."  (United States' Opposition at 8, n.6.)

22   The government's attempt to secure a conviction of Defendant for his criminal conduct is understandable.

23   However, the government could have easily avoided this quagmire by amending the defect in its original

24   Indictment.

25   //

26   //

27

7

United States District Court

For the Northern District of California

1

### V. CONCLUSION

2          For the foregoing reasons, Defendant's Motion to Dismiss the Indictment is GRANTED.

3

4    Dated: October 6, 2005                          /s/ James Ware
                                                     JAMES WARE
5                                                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

8

**United States District Court**

For the Northern District of California

1   **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2   Matthew A. Lamberti
    Matt.Lamberti@usdoj.gov

3

4   Lara S. Vinnard
    lara_vinnard@fd.org

5

6   **Dated: October 6, 2005**                          **Richard W. Wieking, Clerk**

7                                                        **By:__/s/ JW Chambers_____**
                                                            **Ronald L. Davis**

8                                                            **Courtroom Deputy**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27